# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN M. LINDQUIST,** | ) | CIVIL ACTION NO.  2:20-cv-1863 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| **EAT'N PARK HOSPITALITY** | ) | |
| **GROUP, INC. d/b/a  PARKHURST** | ) | |
| **DINING SERVICES** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

### I. PRELIMINARY STATEMENT

By this action, Plaintiff, Dawn M. Lindquist, seeks lost wages, lost fringe benefits and other benefits of employment, liquidated damages, attorneys' fees and costs, compensatory and punitive damages as a result of being terminated by Defendant, Eat'n Park Hospitality Group, Inc. d/b/a Parkhurst Dining Services because of her disability, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12112. Plaintiff also seeks the same remedies as a result of Defendant terminating her employment in retaliation for her complaint of disability discrimination in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12203.

### II. JURISDICTION

1. This Court has jurisdiction of this matter by virtue of 28 U.S.C. § 1331, in that this is a civil action wherein the matter in controversy arises under the laws of the United States.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that this is a civil action in which jurisdiction is not founded solely on diversity of citizenship, and the acts constituting a substantial part of the events and omissions giving rise to the claims occurred in the Western District of Pennsylvania.

3. On or about August 26, 2020, Plaintiff filed a Charge of Discrimination (hereinafter "Charge") with the EEOC against Defendant. Plaintiff's Charge was duel filed with the PHRC. It is well established that ADA lawsuits are limited to claims that are within the scope of the initial administrative charge. *Antol v. Perry,* 82 F.3d 1291, 1296 (3d Cir.1996). However, "...this standard does not necessarily preclude a plaintiff from asserting a claim for the mere failure to check a box on an EEOC Charge Form…" *Barzanty v. Verizon PA, Inc.,* 361 F. App'x 411, 414 (3d Cir. 2010). Plaintiff checked the boxes for age and disability discrimination but also stated "...I was discriminated against because of my disabilities and **retaliated against for complaining** of unlawful employment practices in violation of the Americans with Disabilities Act (ADAA) of 2008,..."[emphasis added]. As a result, Plaintiff's retaliation claim was within the scope of her administrative Charge and is properly before the Court.

4. On September 2, 2020, the EEOC issued a Notice of Right to Sue to Plaintiff.[1]

### III.   PARTIES

5. Plaintiff is Dawn M. Lindquist, an adult individual who resides at 110 Smolleck Street, P.O. Box 83, Whitney, PA 15693.

---

[1] Once the administrative requirements have been exhausted, Plaintiff intends to amend this Complaint to include three additional counts under the PHRA.

6. Defendant Eat'n Park Hospitality Group, Inc. d/b/a Parkhurst Dining Services (hereinafter "Eat'n Park"), is a Pennsylvania corporation located at 245 East Waterfront Drive, Homestead, PA 15210.

7. Defendant Eat'n Park is an employer within the definition of ADA.

## IV.     STATEMENT OF CLAIM

8. On or about July 27, 1998, Lindquist started working at Eat'n Park's Saint Vincent College location in Latrobe, PA as a cook.

9. Over her 22-year career with Defendant, Lindquist was a dedicated and exemplary employee who showed diligence and dedication to her work.

10. Lindquist has scoliosis, spinal stenosis, and a herniated disc in her back (hereinafter "Lindquist's Disabilities"). Scoliosis is a sideways curvature of the spine. Lindquist's scoliosis causes her to experience lower back pain, back stiffness, numbness, and fatigue. Spinal stenosis is a narrowing of the spaces within the spine. Lindquist's spinal stenosis puts pressure on her spinal nerves and causes weakness in her legs. A herniated disc is caused when a fragment of a spinal disc nucleus is pushed out of the annulus into the spinal canal. Lindquist's herniated disc causes her significant pain.

11. As such, Lindquist's scoliosis, spinal stenosis and herniated disc substantially limit her major life activities of standing, walking and thinking.

12. In or around 2015, Lindquist's Disabilities became so severe she had to disclose them to Eat'n Park and request accommodations. Lindquist requested, and received, accommodations that allowed her to sit, rather than stand, while prepping vegetables. She received occasional time off to treat her disabilities, a cart to transport prepping material and occasional help with lifting items over 50lbs.

13. On or around 2018, Eat'n Park's St. Vincent's location changed general managers and Jamie Ballew became the new Sr. General Manager, and he managed the St. Vincent location.

14. After becoming Sr. General Manager, Ballew established a culture of discrimination towards those with disabilities, and under his leadership discrimination against disabled employees, including Lindquist, flourished.

15. On or around early 2019, Ryan Andrews Moore was hired by Defendant as a Chef. As a Chef, Moore was Lindquist's supervisor and he had the ability to control her work.

16. Moore began harassing Lindquist and denying her the accommodations that she had been previously granted.

17. On or about October 14, 2019, Lindquist was preparing potatoes and asked Moore to help her stack 300lbs worth of potatoes as she could not do so due to her disabilities. Moore refused to accommodate Lindquist and instead told her "Equal work for equal pay." His statement insinuated that Lindquist's accommodations made her lesser of an employee and not worth equal pay.

18. On or about October 15, 2019, Lindquist again asked Moore for an accommodation during her shift. Moore responded by stating "Don't play the disability card." Moore again refused to accommodate Lindquist's disabilities.

19. On or about October 16, 2019, Lindquist confronted Moore about his discriminating and harassing comments and asked him if they could have a "heart to heart" conversation so she could explain how damaging his actions and attitudes were towards her as a person with a disability. Moore responded by stating "Don't start with me." Moore clearly had no intentions of stopping his harassing behavior or complying with Lindquist's accommodations.

20. Throughout the Fall of 2019 and through Spring 2020, Ballew and Moore constantly tried to deny Lindquist's accommodations by pushing her to stand for longer periods of time, or lift items heavier than she was able to do so, in direct contradiction to her accommodations.

21. Lindquist was in constant fear of losing her job because she continued to insist that her supervisor, and management, abide by her accommodations.

22. On or about February 20, 2020, Ballew harassed Sous Chef Michael Bompiani for having accommodations and did so in front of Lindquist. Sous Chef Bompiani had earlier injured himself at work and was on workers compensation restrictions. Ballew forced Bompiani to wear a red hat with the word "Safety!" on it. Ballew then made comments to others that the hat was a "hat of shame" because Bompiani was hurt and temporarily disabled. Lindquist felt intense emotional distress at watching Bompiani be harassed because she too had suffered harassment and was denied her accommodations by Ballew. Lindquist took a picture of Bompiani enduring the harassment, with his consent, and sent it to Defendant's Human Resources Department. She stated in the email that the incident made her feel deeply uncomfortable. Rather than addressing the harassment, Defendant's Human Resources Department verbally reprimanded Lindquist.

23. On or about March 22, 2020, mere weeks after her harassment complaint, all employees were furloughed due to the COVID-19 pandemic.

24. On or about June 30, 2020, Lindquist was informed by Defendant that her job was eliminated.

25. Upon information and belief, Bellew and other managers at Eat'n Park used the furlough as a way to terminate employees that were "less desirable" because of their age, disability, or because the employees had reported discrimination.

26. Upon information and belief, Lindquist's job was not eliminated.

27.     On or around July 23, 2020, a mere three weeks after Lindquist was laid off, Eat'n Park's Saint Vincent College location posted a job opening on the website Indeed.com for a cook position. The posting was for the same position that Lindquist had held. The position was promoted on Facebook by Eat'n Park St. Vincent employees.

28.     Upon information and belief Defendant hired a non-disabled person for the cook position posted on July 23, 2020.

29.     As a result of Defendant's aforementioned conduct, Plaintiff has suffered a loss of past and future wages and benefits, substantial mental anguish, and emotional distress.

## V.     CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF ADA - TERMINATION

30.     Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

31.     Defendant has intentionally and willfully engaged in a series of unlawful acts, practices, policies, and/or procedures in discriminating against Plaintiff with respect to compensation, terms, conditions, or privileges of employment in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12112.

32.     Defendant's decision to terminate Plaintiff was induced by its intent to discriminate against Plaintiff based on her disability as evidenced, among other things Defendant's comments about Plaintiff's disabilities and accommodations and Defendant's immediate re-posting of Plaintiff's job and subsequent fulfillment of that job with a non-disabled person.

33.     Plaintiff has been directly harmed as a result of Defendant's violations as is fully set forth above.

## COUNT II – VIOLATION OF ADA - RETALIATION

34. Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

35. Defendant intentionally retaliated against Plaintiff after she made a good faith complaint of disability discrimination, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12203.

36. Defendant's decision to terminate Plaintiff was induced by its intent to retaliate against Plaintiff, as evidenced by, the temporal proximity of the complaint to Plaintiff's termination, and the reactions of Ballew and Moore after the complaint was filed.

37. Plaintiff has been directly harmed as a result of Defendant's violations as is fully set forth above.

## COUNT III – VIOLATION OF ADA - FAILURE TO ACCOMMODATE

38. Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

39. Defendant failed to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12112.

40. As set forth above, Plaintiff is an individual with a disability because she suffers from impairments that substantially limit one or more of her major life activities.

41. Plaintiff informed Defendant of her disabilities and requested reasonable accommodations on several occasions.

42. Defendant failed to accommodate Plaintiff's disabilities and allowed her supervisors to disregard her accommodations on a regular and ongoing basis despite the reasonableness of the accommodations.

43. Plaintiff has been directly harmed as a result of Defendants' violations as is fully set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will:

(a) Assume jurisdiction herein;

(b) Declare Defendant's conduct to be unlawful and an intentional violation of Plaintiff's rights;

(c) Award Plaintiff wage loss damages, including back pay and front pay, damages associated with the increased tax burden of any award, and lost fringe and other benefits of employment;

(d) Award Plaintiff compensatory and punitive damages;

(e) Award Plaintiff pre and post-judgment interest;

(f) Award Plaintiff costs and attorneys' fees; and

(g) Grant such other relief as the Court deems just and appropriate.

Respectfully Submitted,

Rachel L. McElroy, Esq.
PA ID No. 321624
McElroy Law Firm, LLC
461 Cochran Rd. #107
Pittsburgh, PA 15228
Phone: 412-620-8735
rachel@mcelroylawfirm.com
Attorney for Plaintiff